UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JOEL LYNN A.,<br><br>  Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.: 1:24-cv-00239-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Joel Lynn A.'s Complaint for Review of Social Security (Dkt. 1), appealing the Social Security Administration's denial of his disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

I. **ADMINISTRATIVE PROCEEDINGS**

On May 17, 2021, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning May 17, 2021. This application was originally denied on September 21, 2021, and again on reconsideration on February 24, 2022. On or around March 30, 2022, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On May 4, 2023, ALJ Myriam Fernandez Rice held an online video hearing (due to the COVID-19 pandemic), at which time Plaintiff,

represented by his attorney, Mark Baxter Jones, appeared and testified. Sugi Komarov, an impartial vocational expert, also appeared and testified at the same hearing.

On June 30, 2023, the ALJ issued a decision denying Plaintiff's claims, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council. On March 11, 2024, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Plaintiff brings this case. He raises a single point of error: the ALJ failed to fully and fairly develop the record regarding Plaintiff's mental health impairments in light of conflicting and ambiguous medical evidence. Pl.'s Brief at 5-9 (Dkt. 12). As a result of this alleged error, Plaintiff claims that the assigned residual functional capacity ("RFC") is inaccurate and does not reflect Plaintiff's true limitations. *Id*. Plaintiff therefore requests that the Court reverse the ALJ's decision and remand for further proceedings. *Id*. at 9.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

**MEMORANDUM DECISION AND ORDER - 2**

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

**MEMORANDUM DECISION AND ORDER - 3**

## III. DISCUSSION

A. **The Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Plaintiff has not engaged in SGA since May 17, 2021, the application date. AR 18.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform

**MEMORANDUM DECISION AND ORDER - 4**

basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Plaintiff has the following severe medically determinable impairments: "Chronic Obstructive Pulmonary Disease, Major Depressive Disorder, Post-Traumatic Stress Disorder, Antisocial Personality Disorder, Anxiety Disorder, and Bipolar Disorder." AR 18-19.

The third step requires the ALJ to determine the medical severity of any impairments, that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that Plaintiff's above-listed medically determinable impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. AR 19-21.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20

**MEMORANDUM DECISION AND ORDER - 5**

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

Here, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to only occasional exposure to temperature extremes, humidity, wetness, dusts, fumes, odors, gases, and other pulmonary irritants. The claimant is limited to simple, routine, repetitive tasks, with only occasional interaction with supervisors and coworkers, in a job that should not require interaction with the public.  The claimant should be in a position not requiring production rate pace where tasks must be completed in strict timeframes.  The claimant is limited to work which requires only occasional work-related decisions and only occasional changes in work setting.

AR 21-26.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.  Here, the ALJ found that Plaintiff had no past

**MEMORANDUM DECISION AND ORDER - 6**

relevant work. AR 26. Even so, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, he would be able to work as a small products assembler, marker, or electrical accessories assembler. AR 26-27. Based on these findings, the ALJ concluded that Plaintiff was not disabled. AR 27.

**B.    Analysis**

Plaintiff asserts that the ALJ erred by failing to credit a June 22, 2023 Mental Residual Functional Capacity Assessment (the "Mental RFC Assessment"), which should have triggered further development of the record – via, for example, a post-hearing supplemental mental health consultive examination. Pl.'s Brief at 5-8 (Dkt. 12). Defendant responds that the ALJ properly found that the Mental RFC Assessment was not persuasive based on substantial evidence in the record, and that the ALJ's duty to develop the record more fully was not triggered because the record regarding Plaintiff's condition was not ambiguous or inadequate. Def.'s Brief at 3-5 (Dkt. 15). The Court agrees with Defendant.

It is well established that a Plaintiff bears the burden of proving disability by providing evidence that supports the existence of a disabling impairment. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. §§ 404.1512(a), 416.912(a) ("[Y]ou have to prove to us that you are … disabled …."); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits."). Indeed, it is "not unreasonable to require the claimant,

**MEMORANDUM DECISION AND ORDER - 7**

who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Nevertheless, a Plaintiff's burden to prove disability is not absolute. The Ninth Circuit instructs:

> The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered[.] Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of evidence, triggers the ALJ's duty to conduct the appropriate inquiry.

*Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and internal quotations omitted); *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("If the ALJ thought [s]he needed to know the basis of [a doctor's] opinion[ ] in order to evaluate [it], [s]he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physician[ ] or submitting further questions to [him or her]."). This may include retaining a medical expert or ordering a consultative examination. *See* 20 C.F.R. §§ 404.1519a(a)-(b), 416.919a(a)-(b) (Commissioner may order a consultative examination when trying to resolve an inconsistency in evidence or when the evidence is insufficient to make a determination).

Here, the at-issue Mental RFC Assessment (AR 419-21) followed the May 4, 2023 hearing. The ALJ even placed the case in "post-hearing development" for three weeks to allow for its eventual inclusion into the record. AR 15, 60-61. It was signed, but the signature is indecipherable: nobody knows who drafted the Mental RFC Assessment. *But see* Pl.'s Brief at 5 (Dkt. 12) ("Counsel believes, but cannot say with certainty, the P.A. who completed the RFC works out of or with 'A-Z Family Care,' whose records are

**MEMORANDUM DECISION AND ORDER - 8**

contained in B7F."). In any event, the Mental RFC Assessment indicates that Plaintiff is "markedly limited" in ten mental activities. AR 419-20. According to Plaintiff, this indicates that his mental health issues are already at a listing level, which means he should have automatically been approved for benefits at Step 3 of the sequential process. Pl.'s Brief at 5, 7 (Dkt. 12). The Mental RFC Assessment additionally includes the following "functional capacity assessment":

> Joel has significant ADHD and PTSD. His anxiety is easily triggered. Patient has had two significant TBIs [(traumatic brain injuries)] that impair his memory and short-term processing and retention. Patient has difficulty controlling his anxiety and hypervigilance around people. He has worked with vocational rehab and been through a number of jobs. He has lost these due to issues with his bosses. Authority figures trigger his anxiety and PTSD.

AR 421. Plaintiff submits that the combination of these findings warranted the ALJ's further development of the record and corresponding modification to his RFC.

As Defendant points out, however, Plaintiff's argument disregards how the ALJ not only specifically considered the Mental RFC Assessment, but found it to be wholly unpersuasive. *See* Def.'s Brief at 3 (Dkt. 15). To wit, the ALJ noted:

> In addition, I do not find persuasive any of the functional limitation statements of purported medical personnel at [the Mental RFC Assessment]. These statements are not well supported. The signature of purported medical personnel … [is] illegible and there is no indication of what medical establishment purported medical personnel even works for. Supporting remarks consisting of subjective allegations … concerning areas such as problems with memory and processing are without references to objective findings of deficits. Moreover, allegations of ADHD and traumatic brain injury were made …, but as discussed previously in this decision, these are not even established as medically determinable impairments.
>
> Further, other statements of moderate limitations … are inconsistent with the overall evidence including remarks concerning moderate limitations

**MEMORANDUM DECISION AND ORDER - 9**

> in the ability to perform activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances, and moderate limitations in the ability to be aware of normal hazards and taking appropriate precautions. In addition, all statements … concerning that the claimant has marked limitations are inconsistent with the overall evidence, which includes statements of marked limitations concerning the ability to carry out very short and simple instructions, in performing at a consistent pace without an unreasonable number and length of rest periods, and in completing a normal workday and workweek.

AR 25 (internal citations omitted). The ALJ then explained exactly why he found the Mental RFC Assessment unpersuasive. *Id*. (providing examples about how the Mental RFC Assessment was inconsistent with the record). Critically, the lack of a medical opinion's internal supportability, as well as consistency with other evidence in the record, amount to substantial evidence for rejecting that opinion. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); 20 C.F.R. § 416.920c(b)(2).

Plaintiff notably does not raise any challenge to the ALJ's findings regarding the Mental RFC Assessment. *See generally* Pl.'s Brief at 5-8 (Dkt. 12). Any such challenge, consequently, has been waived. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (issues which are not specifically and distinctly argued in a party's opening brief are waived).[1] Thus, because Plaintiff's argument depends on the Mental RFC Assessment, and because the ALJ found the Mental RFC Assessment unpersuasive (which Plaintiff does not contest), there is no longer any basis to argue that the record needs more development before a disability determination can be rendered.

---

[1] Plaintiff relatedly ignores how the ALJ actually did consider Plaintiff's allegation of TBI's, before finding that "there is no objective medical evidence to substantiate" their existence at Step 2 of the sequential process. AR 18 ("However, no matter how termed or described in the evidence, I find that the limitations in the claimant's [RFC] fully account for all of the claimant's mental health issues."). Plaintiff raised no objection to this assessment either.

**MEMORANDUM DECISION AND ORDER - 10**

In this case, the ALJ articulated specific and legitimate reasons to find the Mental RFC Assessment unpersuasive and cited substantial evidence to support the ultimate disability determination. Under these circumstances, further inquiry was not required. *See* AR 15 (ALJ finding "the evidence as a whole is sufficient to support a decision on the claimant's claim" and "[n]o further evidence is reasonably necessary for the full presentation of the case"); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2011) (holding that the ALJ did not err in failing to seek additional evidence where the ALJ did not find the record insufficient to properly evaluate the evidence, the evidence already present did not consistently favor the claimant, and there was substantial evidence inconsistent with disability).[2]

At bottom, the medical record available to the ALJ was neither incomplete nor ambiguous, and the ALJ did not err by failing to further develop the record in light of the Mental RFC Assessment. To be sure, substantial evidence supported the ALJ's finding that the Mental RFC Assessment was unpersuasive. Plaintiff's argument that his RFC is incomplete for failing to reflect the Mental RFC Assessment is therefore without merit. There is no basis for remand.

## IV. <u>CONCLUSION</u>

The ALJ, as fact-finder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational

---

[2] Regardless, the ALJ held the record open after the hearing for Plaintiff to supplement with additional records. AR 15. Keeping in mind a claimant's burden to prove disability (*supra*), an ALJ can discharge the duty to develop the record further by "keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150.

**MEMORANDUM DECISION AND ORDER - 11**

interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ.  The ALJ has provided reasonable and rational support for his conclusions, even if such evidence is susceptible to a different interpretation.  Accordingly, the ALJ's decisions as to Plaintiff's disability claim were based upon proper legal standards and supported by substantial evidence.  The Commissioner's decision is affirmed and Plaintiff's Complaint for Review of a Social Security (Dkt. 1) is denied.

## V. **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the decision of the Commissioner is AFFIRMED, that Plaintiff's Complaint for Review of a Social Security (Dkt. 1) is DENIED, and this action is DISMISSED in its entirety, with prejudice.



DATED:  September 2, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge